UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV - 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

MURRAY HALL, III,

Petitioner,

v.

24-CV-252 (JLS) (HKS)

NYS DOCCS,

Respondent.

**DECISION AND ORDER**

*Pro se* Petitioner commenced this action on January 16, 2024, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Specifically, Petitioner challenges the filing of a parole warrant as a violation of his right to due process and seeks an order directing Respondent to discharge him from parole. *See id.* The case has been referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(B) and (C). Dkt. 12.

On July 1, 2024, Respondent moved to dismiss the petition without prejudice for Petitioner's failure to exhaust state court remedies, and on the grounds that the petition is premature. *See* Dkt. 14, 14-2. Petitioner opposed this motion, Dkt. 15, and subsequently moved for summary judgment, Dkt. 17.

On June 15, 2026, Respondent filed a motion to dismiss Petitioner's claim that he was deprived of his right to a parole hearing as moot due to Petitioner's release to parole on November 12, 2025. Dkt. 20, 20-2. Respondent also sought an

order to show cause why the petition should not be dismissed for a failure to prosecute due to Petitioner's failure to provide the Court with his current address. Dkt. 20, 20-2. No response was filed by Petitioner.

On July 30, 2026, Judge Schroeder issued a Report and Recommendation (R&R) addressing Respondent's motions to dismiss (Dkt. 14, 20) and Petitioner's motion for summary judgment (Dkt. 17). Dkt. 21. He recommends that this Court: (1) grant the motion to dismiss for failure to exhaust state court remedies (Dkt. 14), (2) grant in part the motion to dismiss for mootness (Dkt. 20), (3) deny the motion for summary judgment (Dkt. 17), and (4) dismiss the petition without prejudice to refiling upon Petitioner's demonstration of proper exhaustion of state court remedies. Dkt. 21 at 10.[1] Neither party filed objections, and the time to do so has expired. *See id.*

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

This Court carefully reviewed the R&R and, based on that review, and in the absence of any objections, the Court accepts Judge Schroeder's recommendation.

For the reasons above, and in the R&R, Respondent's motion to dismiss for failure to exhaust (Dkt. 14) is GRANTED, Respondent's motion to dismiss as moot (Dkt. 20) is GRANTED IN PART, and Petitioner's motion for summary judgment (Dkt. 17) is DENIED. Accordingly, the petition (Dkt. 1) is DISMISSED without prejudice to refiling upon Petitioner's demonstration of proper exhaustion of state court remedies. The Clerk of Court shall close this case.

SO ORDERED.

Dated: November 4, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE